UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK TYREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:1:21-cv-2373 |
| | ) |
| FREUDENBERG-NOK, GP, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. STATEMENT OF THE CASE**

1. Plaintiff, Patrick Tyree (hereinafter "Tyree" or "Plaintiff"), brings his Complaint against Defendant, Freudenberg-NOK General Partnership d/b/a Freudenberg-NOK Sealing Technologies (hereinafter "Freudenberg" or "Defendant"), for its violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the ADA Amendments Act of 2008 ("ADAAA").  Plaintiff contends he was subjected to discrimination based on his disability, Type II Diabetes.

**II. PARTIES**

2. Tyree resides within the geographical boundaries of the Southern District of Indiana.

3. Freudenberg North America LP is a German company, doing business in Indiana, with a principal office location of 1700 Miller Avenue, Shelbyville, IN 46176.

**III. JURISDICTION AND VENUE**

4. Tyree is an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

6. Tyree satisfied his obligation to exhaust his administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge Number 470-2020-002058 against Defendant alleging discrimination in violation of the ADA and ADAAA, as amended, because of his disability, Type II Diabetes. Tyree received his Notice of Right to Sue from the EEOC on June 29, 2021, and hereby timely files this lawsuit.

7. Jurisdiction is conferred on this Court by the ADA and ADAAA; 42 U.S.C. § 12117, and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

## IV. FACTUAL ALLEGATIONS

9. Tyree was hired by Defendant May 20, 2013 as a third shift Press Operator at Defendant's Shelbyville, Indiana facility.

10. In September 2017, Tyree was transferred to a third shift shipping/receiving position in Defendant's offsite warehouse.

11. In January 2019, Tyree was transferred to a third shift shipping/receiving position in the new Main Plant shipping department.

12. In October of 2019, Tyree was transferred to a third shift Press Operator position in the Prop Shaft area.

13. Since he first started at Freudenberg, Tyree has been diagnosed with Type II Diabetes, and has required scheduled breaks for mealtimes, to monitor his blood sugar, and to dose medication.

14. Since he first started at Freudenberg, Tyree has always worked third shift because he has children at home that he cares for during the day while his wife is working.

15. Up until January of 2020, Defendant had always reasonably accommodated Tyree with scheduled breaks.

16. On or about January 17, 2020, Tyree was instructed that he must take his meal break at midnight, in the middle of his shift, just like all of the other press operators.

17. Tyree advised his supervisors that he had to take his meal break at 6:30 a.m. because of the medication that he was taking, and that for him to move his meal break would require the supervision of his doctor as well as numerous appointments to adjust his medication.

18. At his supervisor's request, Tyree was required to submit additional documentation from his doctor regarding his disability and his requirements for scheduled breaks.

19. Tyree complied with his supervisor's request, and on January 29, 2020, he provided a note from his primary care physician stating that, "Patrick will need to check his medical needs and does his medication/eat when needed due to testing results."

20. In an attempt to reasonably "accommodate" Tyree, Defendant wanted to know how long it would take to adjust his medications for a meal break at 7 a.m. after Tyree's shift had ended.

21. Tyree responded that offering to allow him a meal break after his shift had ended was not an accommodation at all.

22. Nevertheless, Defendant required yet another letter from his doctor.

23. On February 7, 2020, Tyree provided another note from his PCP, which stated in part, "his medical condition requires that he check and eat a meal at regularly scheduled intervals which occurs at 6:30 a.m. while at work."

24. Tyree's doctor went on to state that if changes need to me made to his medical monitoring schedule, "this will need to be done over a period of weeks to months in order to insure no adverse reactions or outcomes as a result of the changes."

25. Not satisfied with the doctor's response that it could take weeks or months to adjust his mealtime, Defendant terminated Tyree, stating that his requested accommodation of taking his meal break at 6:30 a.m. was unreasonably burdensome.

## V. LEGAL ALLEGATIONS

26. Plaintiff hereby incorporates paragraphs one (1) through (25) as set forth herein.

27. Plaintiff has a physical condition that is serious enough to substantially limit a major life activity, and has a record of disability.

28. Plaintiff has been discriminated against because of his disability.

29. Defendant refused to make a reasonable accommodation for Plaintiff's disability.

30. Defendant's actions and omissions violated the ADA and ADAAA, 42 U.S.C. § 12101 *et seq*.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Patrick Tyree, requests that judgment of this Court be held in his favor as follows:

1. Order Defendant to pay him any and all lost wages and the monetary value of all benefits associated with his employment;

2. Order Defendant to pay him compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,
GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*


### DEMAND FOR JURY TRIAL

Plaintiff, Patrick Tyree, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*


Christopher E. Clark, Atty No. 18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
03-129